**[J-79-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| BLACK POLITICAL EMPOWERMENT PROJECT, POWER INTERFAITH, MAKE THE ROAD PENNSYLVANIA, ONEPA ACTIVISTS UNITED, NEW PA PROJECT EDUCATION FUND, CASA SAN JOSÉ, PITTSBURGH UNITED, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, AND COMMON CAUSE PENNSYLVANIA | : No. 68 MAP 2024<br>:<br>: Appeal from the Order of the<br>: Commonwealth Court at No. 283<br>: MD 2024 dated August 30, 2024.<br>:<br>: SUBMITTED: September 4, 2024<br>:<br>: |
| v. | : |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, PHILADELPHIA COUNTY BOARD OF ELECTIONS, AND ALLEGHENY COUNTY BOARD OF ELECTIONS | :<br>:<br>:<br>:<br>:<br>:<br>: |
| APPEAL OF: REPUBLICAN PARTY OF PENNSYLVANIA AND REPUBLICAN NATIONAL COMMITTEE | :<br>:<br>: |

**DISSENTING STATEMENT**

**JUSTICE WECHT**  **Decided: September 13, 2024**

I respectfully dissent from today's Order vacating the Commonwealth Court's decision below, which held that strict enforcement of the Election Code's requirement that electors write the date on the envelope of their absentee or mail-in ballot violates the Free and Equal Elections clause of the Pennsylvania Constitution.[1] A prompt and definitive ruling on the constitutional question presented in this appeal is of paramount public

---

[1] *See* Pa. Const. art. I, § 5.

importance inasmuch as it will affect the counting of ballots in the upcoming general election. Therefore, I would exercise this Court's King Bench authority over the instant dispute and order that the matter be submitted on the briefs.[2]

I respectfully dissent.

Chief Justice Todd and Justice Donohue join this dissenting statement.

---

[2] 42 Pa.C.S. § 502 (setting forth this Court's King's Bench authority); *Commonwealth v. Chimenti*, 507 A.2d 79 (Pa. 1986) (discussing this Court's authority to *sua sponte* exercise King's Bench jurisdiction).